COFFIN & a *v.* PLYMOUTH.

In an action against a town to recover for personal injuries caused by a defective highway, it is competent to show that the town has paid a claim for damages to the owner of the wagon in which plaintiff was riding at the time of the accident, although the selectmen when they made the payment claimed that the town was not liable.

A highway established by user, is not *necessarily*, limited to the travelled path which has been worn by feet or wheels.

Where a tract of land of the usual width of a highway has been used as a highway, although only part of the width has been used as a travelled path, such user is evidence of a right in the public to use the whole tract as a highway ; and twenty years' user may establish a highway, although the travelled track has not been in the same place during all that time.

CASE, by Henry G. Coffin and his wife Sarah, against Plymouth, to recover damages for injuries to the wife, alleged to have been caused by a defect in a highway, which defendant town was liable to keep in repair. The writ was dated October 19, 1865.

The highway in question extended from Plymouth village southerly on the west side of Pemigewassett river towards Bridgewater. The place of the injury, was about a mile south of said Plymouth village, where before the construction of the railroad the highway ran close upon the west bank of the river, with no fence between the

river and the highway, but with a fence on the west side of the highway and separating it from the intervale lying west of it. This fence had been there in the same place for many years, though it did not appear for how many, before the railroad was constructed, but there was evidence tending to show that this fence had been moved a little further west than it had previously been at sometime after 1838 and before the railroad was constructed about 1850. The track of the railroad went along close upon the west bank of the river, and to make room for it, the bank was extended further east into the river, a part of the way, and the traveled track of the highway was crowded farther west so as to give it room, and the fence was moved farther west a rod or more, along near the place of the accident when the railroad was built. It appeared that Mrs. Coffin and her sister were driving with a horse and buggy, over this road up. towards Plymouth Village when an engine and train of cars, suddenly came round a bend or curve in the road and came in passing, close along by the side of the traveled track in the highway where said horse and wagon was, that the horse being frightened by the engine sheered to the west of the traveled track and that the wagon run into a hole or hollow, and tipped over, and that Mrs. Coffin's ankle was broken and at the same time the wagon and harness, were broken and at the same time the wagon and harness belonged to Dudley C. Clark, and Bowles of Plymouth. Plaintiff called said Clark as a witness, who stated among other things, that he claimed damages of the town of Plymouth for the injuries to this wagon on this occasion. The evidence tended to show that this claim had been made against the town and had lain for some time unadjusted, that the selectmen or some of them had been spoken to, several times about it, and that finally, Clark notified the chairman of the board, that he should sue the town unless the claim was adjusted on or before a certain day then specified; that thereupon inquiry was made of Clark, as to what was the least sum he would take to settle the matter, and he offered to take what he was obliged to pay for having his wagon repaired ($25,00,) which the town paid, but the first selectman when he made the payment, claimed to Clark that the town was not liable. The evidence, that the town paid the amount claimed by Clark and Bowles, was admitted subject to exception.

The court instructed the jury, that they might consider the fact, of the town having paid this claim of Clark and Bowles, as evidence in the nature of an admission of liability on the part of the town, but that they might consider all the circumstances under which the admission was made, in deciding what weight was to be given to this admission.

Defendant requested the court to instruct the jury, that the burden of establishing the existence of the highway, being upon the plaintiff and he having produced no evidence of a laying out in conformity to strtute law, he must prove that the worn and travelled part of the highway in which Mrs. Coffin was traveling, had been in use by the

public as such, and actually traveled as a highway at the place where the accident occurred, for at least twenty years prior to the date of the accident, which the court declined to do, and the defendant excepted.

The jury returned a verdict for plaintiffs, which defendant moved to set aside.

*N. B. Bryant* and *L. T. Flint*, for plaintiffs.

*Burrows, Leverett & Blair*, for defendant.

### OPINION BY THE COURT.

I.  A majority of the court are of opinion that the evidence excepted to, was properly admitted; see *Perkins* v. *Concord R. R.*, 44 *N. H.* 223.

II.  The last request for instructions, seems to have been founded on the mistaken assumption, that when a highway has been established by user merely, it is necessarily limited to the traveled path, i. e. that part actually used, so as to have been worn by feet or wheels.

In *Sprague* v. *Waite*, 17 Pick. ·309 — 317, Shaw, C. J. said, " Where a tract three or four rods wide, such as is usually laid out as a highway, * * * has been used as a highway, although twenty or thirty feet in width only have been used as a traveled path, still this is such a use of the whole, as constitutes evidence of the right of the public to use it for a highway, by widening the traveled path, or otherwise, as the increase of travel and the exigencies of the public may require."

We think it was competent for the jury to find that the part of the highway, in which Mrs. Coffin was traveling when ·the accident occurred, had been used by the public as a highway for twenty years, although the traveled track had not been in the same place during all that time.

And it was unnecessary for plaintiffs to prove that the highway at the place where the accident occurred, was a. part of the track that had been actually traveled for twenty years ; or, in the language of the plaintiffs' counsel : "it was not necessary that the particular ruts in which the wheels were running should have existed as such for twenty years." If the traveled track of the highway where the plaintiff was at the time of the accident, had been traveled in the same place for fifteen years before the accident, and such track, though not the traveled track of the former highway, was within the limits of the former highway as fenced out, and had been within the limits of such highway as thus fenced out, for five years and more before the commencement of said fifteen years, that would be competent evidence from which a jury might find a public highway, at the time and place of the accident.

*Judgment on the verdict.*